IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRUCE EDWARD TROLLINGER, <br> TDCJ #01888239, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-19-3115 |

## MEMORANDUM OPINION AND ORDER

Bruce Edward Trollinger (TDCJ #01888239) has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), challenging an adverse decision by the Texas Board of Pardons and Paroles regarding his suitability for early release from prison. Now pending is Respondent [Lorie] Davis's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 14), arguing that the Petition must be dismissed because Trollinger has not yet exhausted available state court remedies. Trollinger has not filed a response and his time to do so has expired. After considering all of the pleadings, and the applicable law, the court will grant Respondent's MSJ and will dismiss this action without prejudice for the reasons explained below.

## I. Background

In 2013, Trollinger received a twelve-year prison sentence following his second conviction for felony driving-while-intoxicated ("DWI") in Tom Green County, Texas.[1] Trollinger does not challenge the validity of his underlying conviction here. Instead, he challenges an adverse decision by the Texas Board of Pardons and Paroles (the "Parole Board"), which determined that he was not a suitable candidate for early release on the form of parole known as mandatory supervision.

Texas law defines parole to mean "the discretionary and conditional release of an eligible inmate sentenced to the [Texas Department of Criminal Justice - Correctional Institutions Division] so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(6). Similarly, mandatory supervision is defined to entail "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(5). Unlike parole, an inmate's release to mandatory supervision may be required when the

---

[1]Petition, Docket Entry No. 1, p. 2; Respondent's MSJ, Exhibit A, Texas Department of Criminal Justice ("TDCJ") Commitment Inquiry, Docket Entry No. 14-1, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted by the court's Electronic Case Filing ("ECF")system.

"actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." Id. at § 508.147(a). However, an inmate may not be released to mandatory supervision if he has been convicted of an offense enumerated in Texas Government Code § 508.149(a) or if the Parole Board determines in its discretion that: "(1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public." Id. at § 508.149(b).

On May 2, 2019, the Parole Board denied Trollinger release on mandatory supervision for reasons that included the discretionary determinations that are listed in § 508.149(b).[2] Specifically, the Parole Board found that Trollinger was not a suitable candidate for early release on mandatory supervision because his record reflects the following:

(1) that he has repeatedly engaged in "criminal episodes 'that indicate a predisposition to commit criminal acts upon release'";

(2) "excessive substance use involvement";

(3) "unsuccessful periods on previous probation, parole, or mandatory supervision that resulted in incarceration";

(4) "that the offender's accrued good conduct time is not an accurate reflection of [his] potential for rehabilitation"; and

(5) "that the offender's release would endanger the

---

[2]Respondent's MSJ, Exhibit C, Affidavit of Charley Valdez ("Valdez Affidavit"), Docket Entry No. 14-1, p. 8.

public."³

According to a prison official who reviewed the relevant records, Trollinger was given advance notice and an opportunity to submit additional information before the Parole Board issued its decision in compliance with requirements outlined in Ex parte Geiken, 28 S.W.3 553, 560 (Tex. Crim. App. 2000).⁴ In that case, the Texas Court of Criminal Appeals held that, "to comply with due process in making the mandatory supervision decision, the Board must provide an inmate with timely notice that he will be considered for mandatory supervision" and an opportunity to submit relevant information before that decision is made. Id. at 560.

In a federal habeas Petition that was received on August 20, 2019, Trollinger now seeks relief from the Parole Board's decision under 28 U.S.C. § 2254.⁵ Trollinger alleges that he is entitled to immediate release on mandatory supervision for the following reasons: (1) his TDCJ "Time Sheet" shows that he has accrued "100% or more" of the necessary credit towards early release; (2) he is

---

³Id. (citing and quoting several standard reasons, including 1D, 3D, 5D, 9D1, and 9D2, respectively, which are listed at https://www.tdcj.texas.gov/bpp/what_is_parole/reasons.htm). Public records reflect that Trollinger was recently denied release on mandatory supervision again for similar reasons on March 13, 2020. See Texas Department of Criminal Justice – Offender Information, located at: https://offender.tdcj.texas.gov (last visited March 31, 2020).

⁴Valdez Affidavit, Docket Entry No. 14-1, p. 8.

⁵Petition, Docket Entry No. 1, pp. 1-10.

-4-

not a threat to the public; and (3) the Parole Board has denied release "multiple times" for the same reasons.[6] Although Trollinger provides no facts in support of these grounds for relief, his pro se pleadings must be construed with leniency.[7] Because the federal writ of habeas corpus is only available where a petitioner can show that he is confined "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. §§ 2241(c)(3), 2254(a), Trollinger appears to contend that he was denied early release on mandatory supervision in violation of his right to due process.[8]

Information provided by the respondent reflects that, according to § 508.149(b) of the Texas Government Code, decisions made by the Parole Board to deny release on mandatory supervision

---

[6] Id. at 6-7.

[7] The petitioner proceeds pro se in this case. Courts construe pleadings filed by pro se litigants under a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) ("A document filed pro se is 'to be liberally construed[.]'") (quoting Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)).

[8] The only claims that a petitioner can raise on federal habeas corpus review in this context concerns constitutional violations of procedural due process. See, e.g., Boss v. Quarterman, 552 F.3d 425, 428-29 (5th Cir. 2008) (reviewing a due process challenge to procedures employed by the Parole Board in denying release to mandatory supervision). A petitioner cannot claim a constitutional violation based solely on his disagreement with the Parole Board's decision. See Courtney v. Dretke, Civil No. SA-04-0821, 2004 WL 2457860, at *2 (W.D. Tex. Oct. 29, 2004). Therefore, a petitioner may not use a federal habeas corpus petition to raise that type of challenge. See id.

for the discretionary reasons outlined in § 508.149(b) are "not subject to administrative or judicial review."[9]  To the extent that Trollinger contends he was denied due process, the respondent argues that the Petition must be dismissed because Trollinger has not exhausted available state court remedies as required by challenging the Parole Board's decision on state habeas corpus review.[10]

## II. Discussion

The Fifth Circuit has recognized that a petitioner challenging an adverse parole board decision must "initially pursue his claims through habeas corpus with its attendant exhaustion requirement." Serio v. Members of Louisiana State Bd. of Pardons, 821 F.2d 1112, 1119 (5th Cir. 1987).  A federal court may not grant habeas corpus relief under 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy this requirement "the petitioner must afford the state court a 'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Bagwell v. Dretke, 372 F.3d 748, 755 (5th Cir. 2004) (quoting Anderson v. Harless, 103 S. Ct. 276, 277 (1982)).  This means that a petitioner

---

[9]Valdez Affidavit, Docket Entry No. 14-1, pp. 7-8 (quoting Tex. Gov't Code § 508.149(b) and Tex. Gov't Code § 508.149(d)).

[10]Respondent's MSJ, Docket Entry No. 14, pp. 1-5.

must present his claims in a procedurally proper manner to the highest court of criminal jurisdiction in the state, which in Texas is the Texas Court of Criminal Appeals. See O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1731-34 (1999); Richardson v. Procunier, 762 F.2d 429, 432 (5th Cir. 1985).

In Texas, a prisoner may exhaust state court remedies by pursuing the following paths: (1) the petitioner may file a direct appeal from a judgment of conviction followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. See Tex. Code Crim. Proc. art. 11.07 § 3(c). Thus, Texas prisoners typically "must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings [under Article 11.07]." Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004).

The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Moore v. Quarterman, 454 F.3d 484, 490-91 (5th Cir. 2006) (citations and internal quotations marks omitted). Exceptions exist only where there is

"an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

The respondent contends that a state habeas corpus application under Article 11.07 is an available remedy for Texas prisoners challenging the denial of early release to discretionary mandatory supervision.[11] The case relied upon by the respondent for this proposition, however, concerns a challenge to an underlying conviction, and not an adverse decision by the Parole Board regarding release on mandatory supervision.[12] The respondent provides no other authority.

Nevertheless, the court notes that the Texas Court of Criminal Appeals has held that the state writ of habeas corpus under Article 11.07 is available for the limited purpose of reviewing claims regarding the process or procedures followed by the Parole Board and any violation of constitutional or statutory rights in making the determination to deny release. See Ex parte Geiken, 28 S.W.3d 553, 556-57 (Tex. Crim. App. 2000) (addressing the reviewability of the Parole Board's decision to deny mandatory supervision in light of Texas Government Code § 508.149(d), which precludes "administrative or judicial review" of the Board's discretionary

---

[11] Respondent's MSJ, Docket Entry No. 14, p. 5.

[12] Id. (citing Bautista v. McCotter, 793 F.2d 109, 110 (5th Cir. 1986)).

decisions); see also, e.g., Ex parte Retzlaff, 135 S.W.3d 45 (Tex. Crim. App. 2004) (reviewing a due process challenge to the Parole Board's decision to deny release on mandatory supervision).

To the extent that Trollinger alleges that he was denied early release on discretionary mandatory supervision in violation of his constitutional right to due process, federal district courts in Texas have consistently held that the state court remedy found in Article 11.07 is available and must be exhausted before a petitioner seeks federal habeas review of claims stemming from the denial of release to mandatory supervision. See Washington v. Dretke, Civil No. H-06-1814, 2006 WL 1663387, at *1 (S.D. Tex. June 12, 2006) ("The exhaustion requirement applies to prisoners challenging a denial of release of mandatory supervision," citing Ex parte Geiken); Dean v. Board of Pardons and Parole, Civil No. 1:06-611, 2006 WL 3593480, at *2 (E.D. Tex. Dec. 8, 2006) (same); Hess v. Stephens, Civil No. 4:13-093, 2013 WL 3204373, at *1 (N.D. Tex. June 24, 2013) (noting that pursuant to Ex parte Geiken, "complaints regarding the 'process' and the denial of constitutional or statutory rights in consideration of release may be raised by way of writ of habeas corpus under article 11.07 [of the Texas Code of Criminal Procedure]"); Simiens v. Stephens, Civil No. A-14-368, 2014 WL 5808322, at *1 (W.D. Tex. Nov. 7, 2014) (dismissing as unexhausted a habeas petition challenging the Parole Board's refusal to release the petitioner on discretionary

mandatory supervision); Carpino v. Davis, Civil No. H-19-2474, 2019 WL 3202567, at *3-4 (S.D. Tex. July 16, 2019) (dismissing an unexhausted petition challenging an adverse decision by the Parole Board on eligibility for early release on discretionary mandatory supervision).

The respondent has provided a statement from the Clerk of the Texas Court of Criminal Appeals, certifying that Trollinger has not filed a state habeas corpus application under Article 11.07.[13] Trollinger has not filed a response to the motion for summary judgment and his pleadings do not otherwise indicate that he has attempted state court review of his claims. Because review under Article 11.07 remains available to consider constitutional claims and procedural deficiencies associated with decisions denying early release on discretionary mandatory supervision, Trollinger does not fit within a recognized exception to the exhaustion doctrine. Absent an exception, comity requires this court to defer until the Texas Court of Criminal Appeals has considered the merits of the petitioner's constitutional claims and the exhaustion requirement is satisfied. See Picard v. Connor, 92 S. Ct. 509, 512 (1971). Therefore, the pending federal habeas Petition must be dismissed for lack of exhaustion. See Castille v. Peoples, 109 S. Ct. 1056, 1059 (1989) (A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal

---

[13]Respondent's MSJ, Exhibit B, Docket Entry No. 14-1, p. 4.

claims.")(citing Rose v. Lundy, 102 S. Ct. 1198 (1982)).

### III. **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to show that "jurists of reason could disagree with the [reviewing] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck v. Davis, 137 S. Ct. 759, 773 (2017) (citation and internal quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). Because reasonable jurists would not debate whether the petitioner has failed to exhaust available state court remedies, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Respondent [Lorie] Davis's Motion for Summary Judgment with Brief in Support (Docket Entry No. 14) is **GRANTED.**

2. The Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Bruce Edward Trollinger (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of exhaustion.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 3rd day of April, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE